UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Annette Walker, Terry James Walker, and Davis Bros. Lumber Co.,<br><br>                                          Plaintiff,<br>v.<br>SSA, et al.,<br><br>                                         Defendants. | Case No.: 22-CV-00860<br><br>**ORDER (1) DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING PLAINTIFF CORPORATION TO OBTAIN COUNSEL**<br><br>**[ECF No. 2]** |

      Plaintiffs Annette Walker, Terry James Walker, and Davis Bros. Lumber Co. filed the present action on June 10, 2022, and Plaintiff Annette Walker subsequently moved for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1–2. For the reasons discussed below, the application to proceed IFP (ECF No. 2) is denied.

      Unless the filing fee is paid, each natural person seeking to proceed as a plaintiff—in this case, Annette Walker and Terry James Walker—must file his or her own separate application to proceed IFP. *See Gulbransen v. Far N. Reg'l Ctr.*, No. CIV S-11-1231 JAM, 2011 WL 2462994, at *1 (E.D. Cal. June 17, 2011). Here, it appears that the pending

application was solely for Plaintiff Annette Walker, who signed the affidavit in support of the application. *See* ECF No. 2 at 1. If Plaintiff Terry James Walker also seeks to proceed IFP, he must file his own separate IFP application.

As to Plaintiff Annette Walker, the Court finds that the submitted application (ECF No. 2) is incomplete.[1] She has failed to disclose (1) the average monthly income amount received by her spouse; (2) the income amount expected next month for herself and her spouse; (3) the amount of cash that her spouse has; (4) any money her spouse has in bank accounts or other financial institutions; (5) the amount owed to her or her spouse by Defendant State of Louisiana; (6) whether the rent or home-mortgage payment included real estate taxes or property insurance; and (7) the average monthly expenses of her spouse. Answers to Questions 9 and 10 of the application are also missing. *See* ECF No. 2 at 5.

Furthermore, Plaintiff Davis Bros. Lumber Co. cannot proceed *pro se* or IFP because it is a corporation. While parties generally may plead and conduct their own cases, see 28 U.S.C. § 1654, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Similarly, the statute that allows a party to proceed IFP, 28 U.S.C. § 1915(a), only extends to individuals, not to artificial entities like corporations. *Robert Curtis Bass, Inc. v. Cnty. of San Diego*, No. 08CV2135MMANLS, 2009 WL 449075, at *1 (S.D. Cal. Feb. 23, 2009) (citing *Rowland*, 506 U.S. at 196)).

---

[1] Neither the Complaint (ECF No. 1) nor application to proceed IFP (ECF No. 2) clearly defines the relationship between Plaintiffs. Because Plaintiff Annette Walker indicates that Defendants owed her spouse "1/2" on her application, the Court assumes that she has a spouse, and the required information pertaining to her spouse must be disclosed. *See* ECF No. 2 at 3.

Plaintiff Davis Bros. Lumber Co. must, therefore, appear in court through an attorney who is allowed to practice in the Southern District of California.

Accordingly, Plaintiff Annette Walker's Motion for leave to proceed IFP (ECF No. 2) is **DENIED** without prejudice. Plaintiffs Annette Walker and Terry James Walker have until **September 30, 2022**, to either (1) pay the $402 filing fee,[2] OR (2) both file applications to proceed IFP that provide with "particularity, definiteness, and certainty" the required information. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The Court directs Plaintiffs to fully complete Form AO 239 (Rev. 01/15), "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is available on the Southern District of California website.

In addition, Davis Bros. Lumber Co., if it seeks to proceed as a plaintiff, is required to obtain legal representation and enter an appearance through counsel **on or before September 30, 2022**. If it fails to do so, the Court will dismiss it from this action. *See Robert Curtis Bass*, 2009 WL 449075, at *1 (warning that corporate plaintiff's failure to timely obtain legal representation would result in dismissal).

**IT SO ORDERED**.

Dated:  August 22, 2022

Hon. Robert S. Huie
United States District Judge

---

[2] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020)).